**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  |  |
|---|---|
| **LE-VEL BRANDS, LLC**,<br><br>      Plaintiff,<br><br>v.<br><br>**DMS NATURAL HEALTH, LLC**<br><br>      Defendant. | CIVIL ACTION NO. 4:20-cv-398<br><br>COMPLAINT FOR TRADEMARK<br>INFRINGEMENT AND UNFAIR<br>COMPETITION<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Le-Vel Brands, LLC ("Le-Vel") by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.       This is an action for trademark infringement, unfair competition, and cybersquatting under federal, state, and/or common law.  Le-Vel brings this action against DMS Natural Health, LLC ("Defendant") because Defendant unlawfully offers and sells supplements under the infringing name and mark JUST THRIVE.  Defendant is selling supplement products under its infringing name notwithstanding Le-Vel's THRIVE and THRIVE-formative trademark rights.

2.       In late October 2019, Defendant notified Le-Vel that the appearance and presentation of its JUST THRIVE trademark was being changed from the manner depicted in Le-Vel's pleadings filed before the Trademark Trial and Appeal Board—the administrative tribunal of the United States Patent and Trademark Office.  Rather than address Le-Vel's concerns,

Defendant's newly adopted appearance and presentation of its mark exacerbated Le-Vel's concerns, along with the increasing range of products offered and the associated marketing and promotion of such products.  As such, Defendant's past and new activities and products are likely to confuse, deceive, or mislead consumers into believing Defendant and/or its products are authorized by or affiliated with Le-Vel, and/or that such products are offered, licensed, or approved by Le-Vel.  Le-Vel seeks to enjoin Defendant's unlawful use of JUST THRIVE and recover actual damages, Defendant's profits, and other relief, including attorneys' fees and costs.

## THE PARTIES

3.      Plaintiff Le-Vel Brands, LLC is a Texas limited liability company with its principal place of business at 9201 Warren Parkway #200, Frisco, TX 75035.

4.      Defendant DMS Natural Health, LLC is a Wyoming limited liability company with its principle place of business at 810 Busse Hwy, Park Ridge, Illinois 60068.

## JURISDICTION AND VENUE

5.      This action arises under the federal Trademark Act, 15 U.S.C. §§ 1051, *et seq.* and the related laws of the state of Texas.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

6.      This Court has personal jurisdiction over Defendant, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Le-Vel is being harmed in this District and because Defendant is offering, and has sold, infringing goods into this District.

## LE-VEL AND ITS THRIVE NAME AND TRADEMARK

7.      Le-Vel is a lifestyle company that offers dietary and nutritional supplements, related health and wellness goods, and related coaching/lifestyle/wellness programs, conventions, and educational materials.  Le-Vel formulates its products with premium

ingredients and high levels of nutrition, giving customers the opportunity to live healthy, balanced, and premium lifestyles.

8.      Le-Vel's flagship product line is sold under the brand THRIVE and various THRIVE-formative marks, including THRIVE PLUS, THRIVE PREMIUM, THRIVE EXPERIENCE, RELEASE THE THRIVE, THRIVE PRO, THRIVE K, THRIVEFIT, and THRIVE BITES, among others (the "THRIVE Marks").  Le-Vel's THRIVE product line consists of a wide range of supplements for physical and mental wellness and healthy living, including supplements formulated specifically for men, women, and children; nutritional shakes, energy shakes, drink mixes, and gels; nootropics; transdermal supplement products; skincare products; and protein snacks:









9.      Among Le-Vel's extensive THRIVE product line, Le-Vel offers supplements containing probiotics, an example of which is depicted below:



10.     Le-Vel first conceived of, adopted, and began using its distinctive THRIVE trademark in 2012 and has continuously used THRIVE in connection with dietary and nutritional supplements in commerce since 2012.

11.     Since 2012, Le-Vel has continuously expanded its range of THRIVE Marks used in connection with dietary and nutritional supplements, related health and wellness products, and related coaching/lifestyle/wellness programs.

12.     Prior to Defendant's first use of JUST THRIVE, Le-Vel has used, advertised, and promoted its THRIVE name and THRIVE Marks in such a manner that the common, distinctive THRIVE element in the THRIVE Marks is indelibly tied with Le-Vel's overall corporate identity, such that Le-Vel is commonly known as "THRIVE" in the marketplace and Le-Vel has developed a family of THRIVE marks.

13.     Le-Vel owns numerous valid and subsisting U.S. trademark registrations and

applications for its THRIVE Marks, some of which include the following:

| Mark | Goods | Reg. No. Reg. Date | First-Use Date |
|---|---|---|---|
| THRIVE (and Design) | Topical patches featuring vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations used for general health and wellness in Class 5. | 5772374<br><br>06/11/2019 | 08/2012 |
| THRIVE EXPERIENCE (and Deisgn) | Nutritional supplements, namely, vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations and supplements used for general health and wellness in Class 5.<br><br>Providing online retail store services using account-based user information in the field of nutritional preparations and supplements; providing an incentive award program for consumers that provides for discounted pricing and free product return of nutritional preparations and supplements with purchase in Class 35.<br><br>A nutritional plan for general health and wellness consisting of consulting advice and recommendations on nutritional supplements and nutritional consulting advice and recommendations on nutritional preparations in Class 44. | 5174403<br><br>04/04/2017 | 12/2012 for Classes 5 and 44.<br><br>10/2013 for Class 35. |
| THRIVE BY LE–VEL | Nutritional supplements, namely, vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations used for general health and wellness in Class 5. | 5169444<br><br>03/28/2017 | 11/2012 |

6

| Mark | Goods | Reg. No.<br>Reg. Date | First-Use<br>Date |
|---|---|---|---|
| RELEASE THE THRIVE | Nutritional supplements, namely, vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations used for general health and wellness in Class 5. | 5144648<br><br>02/21/2017 | 02/2015 |
| THRIVE PLUS BALANCE | Dietary and nutritional supplements for human consumption in Class 5 | 56638888<br><br>01/29/2019 | 08/01/2014 |

## SALE AND PROMOTION OF LE-VEL'S THRIVE PRODUCTS

14.     Le-Vel's THRIVE products are sold through its online store directly to consumers, who are introduced to the products through Le-Vel's marketing efforts and a vast network of authorized independent promoters and affiliates.

15.     Le-Vel's THRIVE products have enjoyed substantial success and have been widely sold and distributed since their introduction in 2012.  Le-Vel now has more than eight million independent Brand Promoters and customers around the world, topped $1 billion in total sales in May 2017, and surpassed $2 billion in total sales in November 2019.

16.     Since 2012, Le-Vel has offered and continues to offer thousands of THRIVE health and wellness educational conventions, seminars, and events nationwide, e.g.:















17.    Since 2012, Le-Vel has shared and continues to provide THRIVE health and

wellness articles and videos on its website and official blog, e.g.:







## 8 Reasons the THRIVE Experience is Unlike Any Other Vitamin Supplement

HEALTHY LIVING     THE LV LIFE     BY LE-VEL   /   ON JANUARY 16, 2020   /   0 COMMENTS



18.     Le-Vel also maintains an educational/product experience website for its various THRIVE products at https://www.thrive-reviews.com.

19.     Le-Vel and its founders have a tremendous online following, including over three million Facebook followers.  Le-Vel's promotional videos have been viewed on YouTube over nine million times.

20.     Le-Vel has long promoted and displayed its THRIVE Marks in a variety of ways, including as a standalone brand, as part of THRIVE-formative terms or phrases, and in connection with other Le-Vel names and marks through Le-Vel's website, social media, and product packaging, e.g.:
























21.     Le-Vel has spent over $28 million in advertising, marketing, and promoting the

THRIVE Marks in connection with its products through a variety of media, promotional and

marketing initiatives, and celebrity endorsements.  Some of the celebrity users of Le-Vel's

products include: (1) Emmitt Smith, the all-time leading rusher in the history of the National

Football League ("NFL"); (2) Andy Roddick, one-time #1 ranked tennis player in the world and

a tennis Hall-of- Famer; (3) Dick and Rick Hoyt of Team Hoyt, the father and son team who

have participated in over 1,000 races to raise awareness for and instill confidence in the

15

physically challenged (Rick is a spastic quadriplegic with cerebral palsy, and his father, Dick, pushes, pulls, and carries him through races such as the Ironman triathlon); (4) Kirk Hammett, lead guitarist for the band Metallica; (5) Don Mattingly, Major League Baseball Hall-of-Famer; (6) Amy Purdy, *New York Times* best-selling author, runner-up in *Dancing with the Stars*, and medalist in the 2014 Winter Paralympic Games; (7) Olga Tanon, five-time Grammy-winning artist; (8) Brian Westbrook, former All-Pro NFL player; (9) Drake White, country music performing artist; (10) television and movie actor Kevin Sorbo from shows such as *Hercules*; (11) Missy Robertson from the *Duck Dynasty* series; (12) Bernard Pierce, former All-Pro NFL player; and many others.



22.     In addition, Le-Vel and the THRIVE Marks have been featured (1) at Times Square during the New Year's Eve ball drop and throughout the holiday season, including during the Macy's Thanksgiving Day Parade; (2) on billboards throughout the United States during national billboard campaigns; (3) in football stadiums across the United States during college and professional football games; (4) in the "Rise and Thrive" marketing campaign, which has

been viewed by millions of individuals around the globe; (5) in a nationally distributed magazine, *Thrivin'*, found in thousands of bookstores throughout the U.S.; (6) in hundreds of press releases and blogs circulated throughout the world; and (7) in Facebook and YouTube ads receiving millions of views and interactions.

23.     Further, the THRIVE Marks have received notable third-party press, attention, and recognition.  In 2016, Le-Vel was featured in *USA Today*, along with Uber, Etsy, and two other companies, as the leaders in the "YouEconomy."  In 2019, Le-Vel was again featured in *USA Today* as the nutritional movement taking the country by storm.  In 2016, Le-Vel received the *Direct Selling News* Bravo Growth Award, which recognizes the largest year-over-year growth *in the world* in direct sales.  In 2015, Le-Vel was featured in the *Houston Business Journal* for its substantial and meaningful charitable works and efforts.  In 2015 and 2016, Le-Vel was named to the *Direct Selling News* Global 100, an exclusive ranking of the top revenue-generating companies worldwide in the direct selling industry.  Le-Vel has also been featured in *Direct Selling News* on multiple occasions and has been the cover story twice.  In 2013-2017, Le-Vel was featured in *Success from Home* magazine, the first time that a company has been featured as the exclusive company in full-length *Success from Home* issues four years in a row, e.g.:







24.     As a result of extensive use, sales, advertising, promotion, commercial success, and third-party recognition, the THRIVE Marks are well-known and strong, and consumers associate the common, distinctive characteristic of the THRIVE Marks—THRIVE—with Le-Vel.

## DEFENDANT AND ITS WRONGFUL ACTS

25.     Defendant DMS Natural Health, LLC offers and sells dietary supplements under the name and mark JUST THRIVE.

18

26.     On September 2, 2014, Defendant obtained trademark Registration No. 4598351 (the "'351 Registration") for JUST THRIVE covering "dietary and nutritional supplements, nutritional supplements containing probiotics, and nutritional supplements, namely, probiotic compositions."

27.     On August 29, 2019, Le-Vel filed a Petition to Cancel the '351 Registration with the Trademark Trial and Appeal Board (Cancellation No. 92072043).  That proceeding is currently ongoing.

28.     Before Le-Vel filed its Petition to Cancel, Defendant used its JUST THRIVE mark in connection with only probiotics, a prebiotic, and vitamin K-27.  Defendant promoted, offered, and sold these few products through its website http://thriveprobiotic.com/, online, and through an affiliate program.

29.     During that time, Defendant used its JUST THRIVE mark on packaging and promotional materials that materially differed from the packaging and promotional material that Defendants recently adopted and uses today.

30.     Defendant previously promoted and marketed its few JUST THRIVE products by highlighting the word "Probiotic."  "Probiotic" was the focus of Defendants marketing, including its domain name (https://thriveprobiotic.com), and social media identifiers (Twitter: https://twitter.com/thriveprobiotic; Facebook: https://www.facebook.com/thriveprobiotic; and Instagram: https://www.instagram.com/thriveprobiotic/).

31.     This all changed around the time that Le-Vel filed its Petition to Cancel the '351 Registration in August 2019.  In late October 2019, Defendant notified Le-Vel that the appearance and presentation of its JUST THRIVE trademark was changing from the manner previously used and as depicted by Le-Vel in its pleadings.  Rather than ameliorate Le-Vel's

concerns, the new changes to the appearance and presentation of Defendant's mark exacerbated Le-Vel's concerns.

32.     Defendant's current use of its JUST THRIVE mark emphasizes "THRIVE" over "JUST" by boldly highlighting "THRIVE" in its new advertising and promotional materials and on packaging.  "THRIVE" stands out as the most prominent and dominant part of the mark:





33.     In connection with that rebranding, Defendant also appears to have significantly expanded its product offerings.  As Le-Vel has done for many years under its THRIVE Marks, Defendant now offers a wide array of supplements under its infringing JUST THRIVE mark, as shown below:





34.     Consistent with those expanded product offerings, Defendant has steered away from its niche marketing focus on "probiotics" and rebranded itself as a health and wellness company, including through Defendant's new domain name https://justthrivehealth.com/ and new social media identifiers, including Facebook (https://www.facebook.com/justthrivehealth/), Twitter (https://twitter.com/JustThriveHlth), and Instagram (https://www.instagram.com/justthrivehealth/), all of which now focus on "health" and wellness.  Defendant's old domain thriveprobiotic.com now simply redirects to Defendant's new domain justthrivehealth.com. From its inception, Le-Vel has operated as a health and wellness company and promoted itself as such.

35.     Defendant's rebranding aside, consumers often refer to Defendant's JUST THRIVE supplements as THRIVE alone, as depicted below in the screen captures from Defendant's website and Facebook:

 

 *The Real Deal —*

*"Your product is the real deal! As a person with Crohn's and small bowel disease I have tried every probiotic known and none of those products worked. Just Thrive works! It's by far the best product I've ever taken and I've been on a lot of products especially made for Crohn's patients. I will take this product for the rest of my life as long as you keep the quality up. It's an expensive product but well worth the price. I just signed up for the monthly continuity program."*

**Gordon P.**
Clearwater, FL

(https://justthrivehealth.com/pages/testimonials-reviews)



(https://www.facebook.com/justthrivehealth/)

36.     Defendant also runs an affiliate program

(https://justthrivehealth.com/pages/affiliate-program), offering special perks from Defendant and

20% commissions on all JUST THRIVE products sold directly to consumers:



37.     Defendant refuses to stop use of JUST THRIVE.  Defendant refuses to cancel the

'351 Registration.  Defendants has knowledge of Le-Vel's rights and objections.  Defendant

continues to use the infringing JUST THRIVE name and mark.

38.     Given the strong association of THRIVE with Le-Vel, consumers are likely to

confuse Defendant's JUST THRIVE supplements and/or commercial activities with Le-Vel, the

THRIVE Marks (individually and collectively, as a family), and/or Le-Vel's commercial

activities.

## INJURY TO THE PUBLIC AND LE-VEL

39.     Defendant's unauthorized past and new uses of the name and mark JUST

THRIVE are likely to cause confusion, mistake, and deception as to the source or origin of

Defendant's products, and likely to falsely suggest a sponsorship, connection, or association

between Defendant, its products, and/or its commercial activities with Le-Vel and its THRIVE

Marks (individually and collectively, as a family), and commercial activities.

24

40.     Defendant's unauthorized past and new uses of JUST THRIVE have damaged and irreparably injured Le-Vel, and, if permitted to continue, will further damage and irreparably injure Le-Vel, its reputation and goodwill, the THRIVE Marks, and the public's interest in being free from confusion.

41.     Defendant is aware of Le-Vel's rights and chose to disregard them by continuing its infringing activities over Le-Vel's objections.  As a result, Defendant has acted knowingly, willfully, in reckless disregard of Le-Vel's prior rights, and in bad faith.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under
### Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

42.     Le-Vel repeats and realleges each and every allegation set forth above.

43.     The acts of Defendant constitute infringement of Le-Vel's registered THRIVE Marks in violation of 15 U.S.C. § 1114.

44.     Without Le-Vel's consent, Defendant has used and continues to use in commerce reproductions, copies, and colorable imitations of Le-Vel's registered THRIVE Marks in connection with the offering, distribution, and advertising of supplements and related products through common channels of commerce, which are likely to cause confusion, cause mistake, or deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45.     Defendant's acts of trademark infringement are knowing, intentional, and willful in violation of 15 U.S.C. § 1114.

46.     As a result of Defendant's acts of trademark infringement, Le-Vel is suffering irreparable harm, for which it has no adequate legal remedy.

47.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and cause likely consumer confusion and irreparable harm to Le-Vel.

48.     Le-Vel is entitled to recover Defendant's profits, all damages that Le-Vel has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

49.     Because Defendant's conduct is willful, Plaintiff is also entitled to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement, False Designation
### of Origin, Passing Off, and Unfair Competition Under
### Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

50.     Le-Vel repeats and realleges each and every allegation set forth above.

51.     Defendant's past and new uses of JUST THRIVE, as described above, are likely to cause confusion, cause mistake, or deceive as to the origin, sponsorship, or approval of Defendant, its products, and/or its commercial activities by or with Le-Vel and its THRIVE Marks (individually and collectively, as a family), and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52.     Defendant's unauthorized past and new uses of JUST THRIVE are knowing, intentional, and willful in violation of 15 U.S.C. § 1125.

53.     As a result of Defendant's acts, Le-Vel is suffering irreparable harm, for which it has no adequate legal remedy.

54.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit infringing acts, and will continue to deceive the public and cause irreparable harm to Le-Vel.

55.     Le-Vel is entitled to recover Defendant's profits, all damages that Le-Vel has sustained from Defendant's infringing acts, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

56.     Because Defendant's conduct is willful, Plaintiff is also entitled to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### Common-Law Trademark Infringement, Passing Off, and Unfair Competition

57.     Le-Vel repeats and realleges each and every allegation set forth above.

58.     The activities described above constitute common-law trademark infringement and misappropriation of the goodwill associated with Le-Vel's THRIVE Marks (individually and collectively, as a family) and constitutes passing off, trademark infringement, and unfair competition in violation of Texas common law.

59.     By making unauthorized past and new uses of JUST THRIVE, Defendant is committing trademark infringement in violation of Texas common law and other applicable common law.

60.     Defendant's unauthorized past and new uses of JUST THRIVE are knowing, intentional, and willful.

61.     As a result of Defendant's acts of trademark infringement, Le-Vel is suffering irreparable harm, for which it has no adequate legal remedy.

62.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement, and will continue to cause likely consumer confusion and irreparable harm to Le-Vel.

63.     Le-Vel is entitled to recover Defendant's profits, all damages that Le-Vel has sustained from Defendant's infringement and unfair competition, and the costs of the action, including attorneys' fees.

### FOURTH CLAIM FOR RELIEF

### Cybersquatting Under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

64.     Le-Vel repeats and realleges each and every allegation set forth above.

65.     Defendant caused to be registered, and/or used the thriveprobiotic.com and justthrivehealth.com domain names with a bad-faith intent to profit from Le-Vel's THRIVE Marks.

66.     Le-Vel's THRIVE Marks were distinctive at the time Defendant caused to be registered, registered, and/or used the thriveprobiotic.com and justthrivehealth.com domain names, which, upon information and belief, occurred in or around May 2013 and November 2018, respectively.

67.     The thriveprobiotic.com and justthrivehealth.com domain names are confusingly similar to Le-Vel's THRIVE Marks.

68.     Defendant's action, as described above, violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Le-Vel respectfully demands a trial by jury on all issues properly triable before a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Le-Vel requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.     A finding that Defendant (i) has infringed Le-Vel's registered trademark in violation of 15 U.S.C. § 1114; (ii) has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (iii) has infringed Le-Vel's trademarks under the common law of the State of Texas; and (iv) has violated Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d).

B.     An Order declaring that Defendant's use of JUST THRIVE for supplements infringes Le-Vel's rights in its THRIVE Marks (individually and collectively, as a family) and constitutes trademark infringement, unfair competition, and passing off under federal and/or state law, as detailed above.

C.     An Order enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1.   From using, registering, or seeking to use or register JUST THRIVE, THRIVE, and/or any other marks, logos, or designs that are confusingly or substantially similar to Le-Vel's THRIVE Marks for supplements and related products and services; and

2.   From representing by any means whatsoever, directly or indirectly, that any products offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Le-Vel or sponsored or authorized by or affiliated with Le-Vel.

D.      An Order directing Defendant to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Le-Vel's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

E.      An Order directing Defendant to immediately destroy all products, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear JUST THRIVE, THRIVE, and/or any other marks, logos, or designs that are confusingly or substantially similar to Le-Vel's THRIVE Marks for supplements and related products and services.

F.      An Order requiring Defendant to account for and pay to Le-Vel any and all profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws.

G.      An Order requiring Defendant to pay Le-Vel damages in an amount as yet undetermined caused by the foregoing acts and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws.

H.      An Order requiring Defendant to pay Le-Vel punitive, exemplary, and/or statutory damages as allowed by law in an amount to be determined due to the foregoing willful acts of Defendant.

I.      An Order requiring Defendant to pay Le-Vel its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

J.      An Order awarding Le-Vel pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendant.

K.      Other relief as the Court may deem just and appropriate.

Dated:  May 13, 2020                Respectfully submitted,


                                   _____*/s/ Clyde M. Siebman*_____
                                   Clyde M. Siebman
                                   TBN:  18341600
                                   Elizabeth S. Forrest
                                   TBN:  24086207
                                   SIEBMAN FORREST BURG & SMITH, LLP
                                   300 North Travis Street
                                   Sherman, Texas 75090
                                   (903)870-0070 Phone
                                   (903)8700066 Fax
                                   clydesiebman@siebman.com
                                   elizabethforrest@siebman.com

                                   Mark Sommers (*pro hac vice* to be filed)
                                   mark.sommers@finnegan.com
                                   Patrick J. Rodgers (*pro hac vice* to be filed)
                                   patrick.rodgers@finnegan.com
                                   FINNEGAN, HENDERSON, FARABOW,
                                    GARRETT & DUNNER, LLP
                                   901 New York Avenue NW
                                   Washington, DC 20001
                                   Telephone:    (202) 408-4000
                                   Facsimile:    (202) 408-4400

                                   Morgan Smith (*pro hac vice* to be filed)
                                   morgan.smith@finnegan.com
                                   FINNEGAN, HENDERSON, FARABOW,
                                    GARRETT & DUNNER, LLP
                                   3300 Hillview Avenue
                                   Palo Alto, CA 94304
                                   Telephone:    (650) 849-6600
                                   Facsimile:    (650) 849-6666

                                   Attorneys for Le-Vel Brands, LLC