# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **LE-VEL BRANDS, LLC,** | CIVIL ACTION NO. 4:20-cv-398 |
| Plaintiff, | COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION |
| v. | |
| **DMS NATURAL HEALTH, LLC** | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## DEFENDANT DMS NATURAL HEALTH LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT AND COUNTERCLAIM

Defendant DMS Natural Health LLC ("DMS"), by and through its attorneys, in Response to Plaintiff Le-Vel Brands, LLC's ("Le-Vel") Complaint, states as follows:

### NATURE OF THE ACTION

1.      DMS admits that the Complaint purportedly makes allegations for claims of trademark infringement, unfair competition, and cybersquatting under federal, state, and/or common law.  DMS denies the remaining allegations in Paragraph 1 of the Complaint

2.      DMS admits it changed the appearance of its JUST THRIVE trademark from

to , however, that change was done prior to Le-Vel filing the cancellation proceeding with the Trademark Trial and Appeal Board ("TTAB") to cancel DMS's JUST THRIVE trademark (Cancellation No. 92072043) and prior to any notice by Le-Vel of any alleged infringement.  Le-Vel used the prior appearance of DMS's JUST THRIVE trademark in its filing with the TTAB even though DMS was no longer using that logo.  On March 19, 2019, DMS began the process of creating a new logo using its JUST THRIVE trademark.  The final logo, which changed the appearance of its JUST THRIVE trademark from

1

, was completed on May 20, 2019.  On June 4, 2019, DMS changed its website URL from https://thriveprobiotic.com to https://justthrivehealth.com. On June 6, 2019, DMS sent the final logo redesign to its manufacturer for use in the packaging of its products.  On August 5, 2019, DMS sent a notification by email to its customers of the new logo and URL.  On August 19, 2019, Le-Vel filed a cancellation proceeding with the TTAB to cancel DMS's JUST THRIVE trademark (Cancellation No. 92072043).  On October 29, 2019, during the cancellation proceeding discovery conference, counsel for DMS pointed out that the image of DMS's product that Le-Vel included in its Petition for Cancellation was of the old logo, not the current logo.  On May 8, 2020, DMS filed a declaratory judgement action in the Northern District of Illinois seeking a declaration that it did not infringe Le-Vel's THRIVE-formative marks. On May 13, 2020, Le-Vel filed the instant proceeding.  DMS denies the remaining allegations in Paragraph 2 of the Complaint.

## THE PARTIES

3.      DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 3 of the Complaint, and DMS therefore denies the allegations in Paragraph 3.

4.      DMS admits the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      DMS admits that the Complaint purports to include actions arising under the trademark laws of the United States set forth in Title 15 of the United States Code and Title 28 of the United States Code, and as such, does not dispute that this Court has subject matter jurisdiction over this purported action.

6.      DMS denies the allegations in Paragraph 6 of the Complaint that Le-Vel is being harmed in this District.  DMS admits the allegations in Paragraph 6 of the Complaint that it has offered and sold goods bearing its JUST THRIVE trademark in this District.  DMS lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 6 of the Complaint, and DMS therefore denies the remaining allegations in Paragraph 6.

## LE-VEL AND ITS THRIVE NAME AND TRADEMARK

7.      DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 7 of the Complaint, and DMS therefore denies the allegations in Paragraph 7.

8.      DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 8 of the Complaint, and DMS therefore denies the allegations in Paragraph 8.

9.      DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 9 of the Complaint, and DMS therefore denies the allegations in Paragraph 9.

10.      DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 10 of the Complaint, and DMS therefore denies the allegations in Paragraph 10.

11.      DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 11 of the Complaint, and DMS therefore denies the allegations in Paragraph 11.

12.      DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 12 of the Complaint, and DMS therefore denies the allegations in Paragraph 12.

13.     DMS admits only that Le-Vel is listed as the registrant of record for the registrations listed in Paragraph 13.  DMS lacks knowledge or information sufficient to either admit or deny the remaining allegations of Paragraph 13 of the Complaint, and DMS therefore denies the remaining allegations in Paragraph 13.

## SALE AND PROMOTION OF LE-VEL'S THRIVE PRODUCTS

14.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 14 of the Complaint, and DMS therefore denies the allegations in Paragraph 14.

15.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 15 of the Complaint, and DMS therefore denies the allegations in Paragraph 15.

16.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 16 of the Complaint, and DMS therefore denies the allegations in Paragraph 16.

17.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 17 of the Complaint, and DMS therefore denies the allegations in Paragraph 17.

18.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 18 of the Complaint, and DMS therefore denies the allegations in Paragraph 18.

19.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 19 of the Complaint, and DMS therefore denies the allegations in Paragraph 19.

20.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 20 of the Complaint, and DMS therefore denies the allegations in Paragraph 20.

21.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 21 of the Complaint, and DMS therefore denies the allegations in Paragraph 21.

22.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 22 of the Complaint, and DMS therefore denies the allegations in Paragraph 22.

23.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 23 of the Complaint, and DMS therefore denies the allegations in Paragraph 23.

24.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 24 of the Complaint, and DMS therefore denies the allegations in Paragraph 24.

## **DEFENDANT AND ITS WRONGFUL ACTS**

25.     As to the allegations contained in Paragraph 25 of the Complaint, DMS admits that it sells probiotic, digestive, bone and heart health products under its JUST THRIVE mark.

26.     DMS admits the allegations contained in Paragraph 26 of the Complaint.

27.     As to the allegations contained in Paragraph 27 of the Complaint, DMS admits that on August 19, 2020, Le-Vel filed a Petition to Cancel the '351 Registration with the TTAB (Cancellation No. 92072043) and that the proceeding is currently on-going.  However, on June 25, 2020, the parties agreed to suspend the cancellation proceeding for 90 days.

28.   DMS admits that the domain name (thriveprobiotic.com) is in use but that it automatically redirects to DMS's current website URL at https://justthrivehealth.com.   DMS denies the remaining allegations in Paragraph 28 of the Complaint.

29.   DMS admits it changed the appearance of its JUST THRIVE trademark from to , however, that change was done prior to Le-Vel filing the cancellation proceeding with the TTAB to cancel DMS's JUST THRIVE trademark (Cancellation No. 92072043) and prior to any notice by Le-Vel of any alleged infringement.   Le-Vel used the prior appearance of DMS's JUST THRIVE trademark in its filing with the TTAB even though DMS was no longer using that logo.   On March 19, 2019, DMS began the process of creating a new logo using its JUST THRIVE trademark.   The final logo, which changed the appearance of its JUST THRIVE trademark from to , was completed on May 20, 2019.   On June 4, 2019, DMS changed its website URL from https://thriveprobiotic.com to https://justthrivehealth.com.   On June 6, 2019, DMS sent the final logo redesign to its manufacturer for use in the packaging of its products.   On August 5, 2019, DMS sent a notification by email to its customers of the new logo and URL.   On August 19, 2019, Le-Vel filed a cancellation proceeding with the TTAB to cancel DMS's JUST THRIVE trademark (Cancellation No. 92072043).   On October 29, 2019, during the cancellation proceeding discovery conference, counsel for DMS pointed out that the image of DMS's product that Le-Vel included in its Petition for Cancellation was of the old logo, not the current logo.   On May 8, 2020, DMS filed a declaratory judgement action in the Northern District of Illinois seeking a declaration that it did not infringe Le-Vel's THRIVE-formative marks.   On May 13, 2020, Le-Vel filed the instant proceeding.   DMS denies the remaining allegations in Paragraph 29 of the Complaint.

30.    DMS admits that the domain name (thriveprobiotic.com) is in use but that it automatically redirects to DMS's website URL at https://justthrivehealth.com.  DMS denies the remaining allegations in Paragraph 30 of the Complaint.

31.    DMS admits it changed the appearance of its JUST THRIVE trademark from to , however, that change was done prior to Le-Vel filing the cancellation proceeding with the TTAB to cancel DMS's JUST THRIVE trademark (Cancellation No. 92072043) and prior to any notice by Le-Vel of any alleged infringement.  Le-Vel used the prior appearance of DMS's JUST THRIVE trademark in its filing with the TTAB even though DMS was no longer using that logo.  On March 19, 2019, DMS began the process of creating a new logo using its JUST THRIVE trademark.  The final logo, which changed the appearance of its JUST THRIVE trademark from to , was completed on May 20, 2019.  On June 4, 2019, DMS changed its website URL from https://thriveprobiotic.com to https://justthrivehealth.com.  On June 6, 2019, DMS sent the final logo redesign to its manufacturer for use in the packaging of its products.  On August 5, 2019, DMS sent a notification by email to its customers of the new logo and URL.  On August 19, 2019, Le-Vel filed a cancellation proceeding with the TTAB to cancel DMS's JUST THRIVE trademark (Cancellation No. 92072043).  On October 29, 2019, during the cancellation proceeding discovery conference, counsel for DMS pointed out that the image of DMS's product that Le-Vel included in its Petition for Cancellation was of the old logo, not the current logo.  On May 8, 2020, DMS filed a declaratory judgement action in the Northern District of Illinois seeking a declaration that it did not infringe Le-Vel's THRIVE-formative marks.  On May 13, 2020, Le-Vel filed the instant proceeding.  DMS denies the remaining allegations in Paragraph 31 of the Complaint.

32.     DMS admits that the images above show certain uses of its JUST THRIVE trademark.  DMS denies the remaining allegations in Paragraph 32 of the Complaint.

33.     DMS admits that the images above show its JUST THRIVE trademark being used with its products on its website.  DMS denies the remaining allegations in Paragraph 33 of the Complaint.

34.     DMS admits that the domain name and social media identifiers in Paragraph 34 are owned and/or operated by DMS.  DMS denies the remaining allegations in Paragraph 34 of the Complaint.

35.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 35 of the Complaint, and DMS therefore denies the allegations in Paragraph 35.

36.     DMS admits that it has an affiliate program that provides commissions or flat fees to health and wellness influencers based on their own promotion of JUST THRIVE products.  Such affiliates are not compensated for any other influencers becoming an affiliate, nor do the influencers directly sell JUST THRIVE products.  DMS denies the remaining allegations in Paragraph 36 of the Complaint.

37.     DMS admits that it has continued use of its registered JUST THRIVE mark and that cancellation of its JUST THRIVE mark is not warranted.  DMS denies the remaining allegations in Paragraph 37 of the Complaint.

38.     DMS denies the allegations in Paragraph 38 of the Complaint.

## **INJURY TO THE PUBLIC AND LE-VEL**

39.     DMS denies the allegations in Paragraph 39 of the Complaint.

40.     DMS denies the allegations in Paragraph 40 of the Complaint.

41.     DMS denies the allegations in Paragraph 41 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under
### Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

42.     With respect to the allegations in Paragraph 42 of the Complaint, DMS incorporates

by reference all of its answers to Paragraphs 1 through 41 as if fully set forth herein.

43.     DMS denies the allegations in Paragraph 43 of the Complaint.

44.     DMS denies the allegations in Paragraph 44 of the Complaint.

45.     DMS denies the allegations in Paragraph 45 of the Complaint.

46.     DMS denies the allegations in Paragraph 46 of the Complaint.

47.     DMS denies the allegations in Paragraph 47 of the Complaint.

48.     DMS denies the allegations in Paragraph 48 of the Complaint.

49.     DMS denies the allegations in Paragraph 49 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement, False Designation
### of Origin, Passing Off, and Unfair Competition Under
### Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

50.     With respect to the allegations in Paragraph 50 of the Complaint, DMS incorporates

by reference all of its answers to Paragraphs 1 through 49 as if fully set forth herein.

51.     DMS denies the allegations in Paragraph 51 of the Complaint.

52.     DMS denies the allegations in Paragraph 52 of the Complaint.

53.     DMS denies the allegations in Paragraph 53 of the Complaint.

54.     DMS denies the allegations in Paragraph 54 of the Complaint.

55.     DMS denies the allegations in Paragraph 55 of the Complaint.

56.     DMS denies the allegations in Paragraph 56 of the Complaint.

## THIRD CLAIM FOR RELIEF

### Common-Law Trademark Infringement, Passing Off, and Unfair Competition

57.     With respect to the allegations in Paragraph 57 of the Complaint, DMS incorporates by reference all of its answers to Paragraphs 1 through 56 as if fully set forth herein.

58.     DMS denies the allegations in Paragraph 58 of the Complaint.

59.     DMS denies the allegations in Paragraph 59 of the Complaint.

60.     DMS denies the allegations in Paragraph 60 of the Complaint.

61.     DMS denies the allegations in Paragraph 61 of the Complaint.

62.     DMS denies the allegations in Paragraph 62 of the Complaint.

63.     DMS denies the allegations in Paragraph 63 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### Cybersquatting Under Section
### 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

64.     With respect to the allegations in Paragraph 64 of the Complaint, DMS incorporates by reference all of its answers to Paragraphs 1 through 63 as if fully set forth herein.

65.     DMS denies the allegations in Paragraph 65 of the Complaint.

66.     DMS lacks knowledge or information sufficient to either admit or deny the allegations of Paragraph 66 of the Complaint, and DMS therefore denies the allegations in Paragraph 66.

67.     DMS denies the allegations in Paragraph 67 of the Complaint.

68.     DMS denies the allegations in Paragraph 68 of the Complaint.

### JURY DEMAND

DMS admits that Le-Vel has demanded a trial by jury on all triable issues.

## ANSWER TO LE-VEL'S PRAYER FOR RELIEF

As to all Prayers for relief set forth in the Complaint, DMS denies that Le-Vel is entitled to any relief, as alleged or otherwise.

All other allegations in the Complaint not specifically admitted or denied are hereby denied.

## DMS'S AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, DMS's affirmative defense is listed below.  DMS reserves the right to amend its Answer to add additional defenses consistent with the facts discovered in the case.

## FIRST DEFENSE – LACHES

"Laches is an equitable remedy that prevents a plaintiff from asserting a claim due to lapse of time."  *Brown v. Bridges*, No. 3:12-CV-4947-P, 2016 WL 3660666, at *4 (N.D. Tex. Jan. 26, 2016), aff'd, 692 F. App'x 215 (5th Cir. 2017) (citations omitted).  To prevail, DMS must establish two elements: "(1) there was an unreasonable delay by [Le-Vel] in asserting a legal or equitable right, and (2) that [DMS] made a good faith change in position to its detriment because of the delay."  *Id*.  "The period for laches begins when the plaintiff knew or should have known of the defendant's injurious conduct, not, [] when they actually became aware of it."  *Brown v. Bridges*, 692 F. App'x 215, 216 (5th Cir. 2017).

Le-Vel's alleged claim of likelihood of confusion is barred by the doctrine of laches because Le-Vel unreasonably delayed efforts to bring its claim of infringement against DMS's JUST THRIVE mark.  Le-Vel has known or should have known of DMS's use of its JUST THRIVE mark since at least September 2, 2014 when DMS's registration issued.  *See* Ex. A, Declaration of S. Hakim ("Hakim Decl.") at ¶ 22; *see also* Ex. 10 to Hakim Decl at 1–2.  DMS's JUST THRIVE mark was published for opposition on November 5, 2013, and no opposition was

filed by Le-Vel.  Furthermore, on June 30, 2016 Le-Vel cited DMS's JUST THRIVE mark in its response to a 2(d) refusal of its THRIVE & Design mark, **THRIVE** , during the prosecution of U.S. Trademark Application No. 86/761,270 ("'270 Application").  *See* Hakim Decl. at ¶¶ 6–7; *see also* Ex. 3 to Hakim Decl. at 9, 65–69.  Le-Vel stated that "numerous THRIVE-formative marks covering identical or closely related products, some of which disclaim the descriptive portion of the mark, coexist on the Register in Class 5," where DMS's JUST THRIVE mark was included in the list of THRIVE-formative marks.  Hakim Decl. at ¶ 7; *see also* Ex. 3 to Hakim Decl. at 8–9, 65–69.  Later, in a request for reconsideration of the final rejection, Le-Vel affirmatively stated that DMS's mark could peacefully exist with Le-Vel's THRIVE & Design mark as well as with numerous other THRIVE-formative marks:  "these [other third-party THRIVE-formative] marks peacefully coexist means that Applicant's mark THRIVE & Design can likewise coexist with the cited registrations."  Hakim Decl. at ¶ 15; *see also* ¶ 13–14; Ex. 5 to Hakim Decl. at 69.  Le-Vel waited until August 19, 2019 to file a cancellation proceeding with the TTAB to cancel DMS's JUST THRIVE trademark (Cancellation No. 92072043).  *See* Hakim Decl. at ¶ 21; *see generally* Ex. 9 to Hakim Decl.  Then Le-Vel waited until May 13, 2020 to file this suit seeking additional relief not available in the TTAB, i.e., an injunction and monetary damages.

Whether the delay for purposes of laches is calculated from the date of issuance of DMS's JUST THRIVE mark (September 2, 2014) or from the date Le-Vel definitely knew of DMS's JUST THRIVE mark (June 30, 2016), the delay was unreasonable.  Prior to and during the delay, DMS expended time and resources to develop and grow a valuable business and goodwill around its JUST THRIVE mark, which is used in connection with DMS's products in over 1,000 stores nationwide.  Therefore, DMS has been materially prejudiced by the unreasonable delay and this Court should find Le-Vel's alleged claim of likelihood of confusion is barred by laches.

## SECOND DEFENSE – JUDICIAL ESTOPPEL

Judicial estoppel is an equitable doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008) (quoting *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003)).  The purpose of the doctrine is to "protect [ ] the essential integrity of the judicial process" by reducing the "risk of inconsistent court determinations."  *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (internal quotations omitted).  The Fifth Circuit has recognized at least two requirements to invoke the doctrine: (1) the party's position must be clearly inconsistent with its previous one, and (2) the previous court must have accepted the party's earlier position.  *See Hall*, 327 F.3d at 396.

Le-Vel's alleged claim of likelihood of confusion is barred by judicial estoppel because Le-Vel took an inconsistent position before the USPTO in arguing against a 2(d) refusal of its

THRIVE & Design mark, , Registration No. 5,772,374 (issued from the '270 Application).  *See* Hakim Decl. at ¶¶ 3–17.  During the prosecution of the '270 Application, Le-Vel cited DMS's JUST THRIVE mark among "numerous THRIVE-formative marks covering identical or closely related products" that were coexisting at the time in its response to an office action.  Hakim Decl. at ¶ 7; *see also* Ex. 3 to Hakim Decl. at 8–9, 16–79.  Le-Vel argued that "[w]hen viewed in their totality, the cited registrations and the applied-for mark are sufficiently different, especially when viewed in the context of the many other THRIVE-formative marks that appear in Class 5."  Hakim Decl. at ¶ 9; *see also* Ex. 3 to Hakim Decl. at 11.  In a request for reconsideration of the final rejection on the same grounds, Le-Vel again argued that because "these [other third-party THRIVE-formative] marks peacefully coexist means that Applicant's mark

THRIVE & Design can likewise coexist with the cited registrations." Hakim Decl. at ¶ 15; *see also* Ex. 5 to Hakim Decl. at 69.

At no point did the Examining Attorney refuse Le-Vel's THRIVE & Design mark in view of DMS's JUST THRIVE mark. In fact, the Examining Attorney agreed that DMS's JUST THRIVE mark, among other third party marks with the word "THRIVE" in them, was distinguishable from Le-Vel's THRIVE & Design mark because "the non-descriptive wording in addition to the wording 'THRIVE'" served "to differentiate the marks." Hakim Decl. at ¶ 17; *see also* Ex. 6 to Hakim Decl. at 2.

Le-Vel later resolved the reasons for refusal by petitioning to cancel the two registrations specifically cited by the Examining Attorney. *See* Hakim Decl. at ¶ 19; *see also* Ex. 7 to Hakim Decl. at 2–3. On April 30, 2018, Le-Vel filed a Request for Resumption and Remand giving no other reasons for the requested relief. Le-Vel consented to coexistence with the THRIVE TONIC mark. Hakim Decl. at ¶¶ 18–19; *see also* Ex. 7 to Hakim Decl. at 10–11. A notice withdrawing the Section 2(d) refusal was later issued, citing no other issues with any other THRIVE-formative marks. *See* Hakim Decl. at ¶ 20; *see also* Ex. 8 to Hakim Decl. at 1.

As the Examining Attorney found no issues with DMS's JUST THRIVE mark, and Le-Vel affirmatively represented during prosecution that it could coexist with DMS's JUST THRIVE mark, the Court should find Le-Vel's alleged claim of likelihood of confusion barred by judicial estoppel.

## COUNTERCLAIM

Defendant DMS Natural Health LLC ("DMS") brings the following Counterclaim against Le-Vel Brands, LLC ("Le-Vel"):

## THE PARTIES

1.      DMS is a Wyoming limited liability company with its principle place of business at 810 Busse Hwy, Park Ridge, Illinois 60068.

2.      Le-Vel is a Texas limited liability company with its principal place of business at 9201 Warren Parkway #200, Frisco, Texas 75035.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper in this court because this litigation arises under federal law, namely 15 U.S.C. § 1121 et seq.  The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

4.      This Court has personal jurisdiction over Le-Vel because Le-Vel is in organized in this District and has its principal place of business is in this District.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c) because Le-Vel is in organized in this District and has its principal place of business is in this District.

6.      An actual case or controversy exists between the parties.

7.      Le-Vel filed a cancellation proceeding at the United States Patent and Trademark Office ("USPTO") Trademark Trial and Appeal Board ("TTAB") to cancel DMS's federally registered trademark, JUST THRIVE, Registration No. 4,598,351, citing various THRIVE-formative marks owned by Le-Vel.  *See* Hakim Decl. at ¶ 21; *see also* Ex. 9 to Hakim Decl.

8.      Le-Vel has demanded DMS cease and desist from using its JUST THRIVE mark. Hakim Decl. at ¶ 27.

9.      Le-Vel has filed twenty-five other TTAB proceedings to oppose the registration of, or to request the cancellation of, certain trademarks based on its various THRIVE-formative marks besides the one against DMS.  Hakim Decl. at ¶ 24.

10.      Le-Vel has filed six other district court trademark infringement lawsuits besides the one against DMS, and at least one was directed to a trademark owner that Le-Vel also filed a TTAB cancellation proceeding against.  Hakim Decl. at ¶ 25; *see also* ¶ 24.

11.      During a discussion with DMS relating to settlement of the cancelation proceeding, Le-Vel stated that they "have courts for when we don't agree."  Hakim Decl. at ¶ 27.

12.      As Le-Vel since brought a district court trademark infringement lawsuit against DMS, a justiciable controversy exists between DMS and Le-Vel as to whether DMS infringes Le-Vel's trademarks.

## GENERAL ALLEGATIONS

13.      DMS offers a line of products under its JUST THRIVE mark, including its JUST THRIVE® Probiotic & Antioxidant.  The JUST THRIVE mark has been used by DMS since December 2013.

14.      JUST THRIVE digestive products are supported by scientific research and have become well known in the marketplace.  DMS ensures the integrity and quality of its products and has a reputation of being backed by science and research.

15.      DMS markets and sells its products online, https://justthrivehealth.com/, and through 1700 retail locations nationwide.  JUST THRIVE digestive products are endorsed by some of the top health and wellness influencers including The Wellness Mama and Dave Asprey/Bulletproof.

16.      The probiotic strains used by DMS are licensed from London University, Royal Holloway.  The JUST THRIVE® Probiotic & Antioxidant is a 100% spore-forming probiotic that

arrives alive in the intestines naturally, which helps to support optimal gut health, digestive health, immune health, and delivers antioxidants.

17.     On May 31, 2013, DMS filed its application to register its JUST THRIVE mark, which was granted on September 2, 2014.  DMS registered its JUST THRIVE mark for the following goods: Dietary and nutritional supplements, nutritional supplements containing probiotics, and nutritional supplements, namely, probiotic compositions.  *See* Ex. 10 to Hakim Decl.

18.     Upon information and belief, Le-Vel sells its products through individuals called Le-Vel Thrive promoters.  This type of business model is often referred to as MLM or multi-level marketing.

19.     Upon information and belief, Le-Vel sells dietary supplements, including a product line called "Thrive", using various THRIVE-formative marks.  Upon information and belief, Le-Vel uses the following websites to sell its products:  https://thrivevitamin.le-vel.com/; https://thrivelvnow.thrive123.com/.

20.     On August 19, 2019, Le-Vel filed a cancellation proceeding at the USPTO to cancel DMS's JUST THRIVE mark.  *See* Ex. 9 to Hakim Decl.  Upon information and belief, Le-Vel is the owner of the following THRIVE-formative marks, which were cited in the cancellation petition, and are listed in the chart below:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| RELEASE THE THRIVE | 5,144,648 | 02-21-2017 |
| THRIVE BY LE-VEL | 5,169,444 | 03-28-2017 |
| THRIVE EXPERIENCE (and Design) | 5,174,403 | 04-04-2017 |

| THRIVE PREMIUM LIFESTYLE CAPSULE | 5,663,883 | 01-29-2019 |
|---|---|---|
| THRIVE PREMIUM LIFESTYLE MIX | 5,663,884 | 01-29-2019 |
| THRIVE PREMIUM LIFESTYLE DFT | 5,663,885 | 01-29-2019 |
| THRIVE PLUS ACTIVATE | 5,663,886 | 01-29-2019 |
| THRIVE PLUS BOOST | 5,663,887 | 01-29-2019 |
| THRIVE PLUS BALANCE | 5,663,888 | 01-29-2019 |
| THRIVE (and Design) | 5,772,374 | 06-11-2019 |

A true and correct copy of the foregoing registrations for Le-Vel's THRIVE-formative marks from the USPTO TSDR are attached hereto as Exhibit B.

21.     Le-Vel has alleged that consumers are likely to be confused, mistaken, or deceived as to the source, relationship, licensing, approval, authorization, or affiliation of the parties' respective marks and goods.  *See* Ex. 9 to Hakim Decl. at p. 21, ¶ 21.  Le-Vel has demanded DMS cease and desist all use of its JUST THRIVE mark.

22.     Consumers are not likely to be confused, mistaken, or deceived as to the source, relationship, licensing, approval, authorization, or affiliation of the parties' respective marks and goods.

23.     Upon information and belief, there have been no instances of actual confusion between the parties' respective marks and goods.

24.     In view of Le-Vel's threats and allegations, DMS is in need of, and is entitled to, a judicial declaration that there is no likelihood of confusion between goods sold under the JUST THRIVE mark by DMS, and goods sold under Le-Vel's THRIVE-formative marks, and therefore

goods sold under the JUST THRIVE mark by DMS do not infringe any federal or state common law trademark rights owned by Le-Vel.

## COUNT I

### Declaratory Judgement of No Federal or State Common Law Trademark Infringement

25.     DMS repeats and realleges the allegations contained in paragraphs 1 to 25 of this Counterclaim as if fully set forth herein.

26.     Le-Vel's claim that consumers are likely to be confused, mistaken, or deceived as to the source, relationship, licensing, approval, authorization, or affiliation of goods sold under DMS's JUST THRIVE mark, and under threat of litigation, demand that DMS cease and desist selling such goods in United States commerce.

27.     An actual, present, and justiciable controversy exists between DMS and Le-Vel concerning DMS's use of its JUST THRIVE mark.

28.     DMS's goods are labeled, advertised, marketed and sold in such a manner that there is no likelihood of confusion between the Le-Vel's goods sold using its THRIVE-formative marks on one hand, and the sale of goods under the JUST THRIVE mark by DMS on the other.

29.     DMS seeks a declaratory judgment from this Court that its JUST THRIVE mark is not likely to cause confusion as to the source, relationship, licensing, approval, authorization, or affiliation of DMS's goods with those of Le-Vel.

30.     DMS seeks a declaratory judgment from this Court that the sale of goods under the JUST THRIVE mark by DMS does not constitute trademark infringement of Le-Vel's THRIVE-formative marks under the Lanham Act or the common law of the State of Texas.

31.     DMS seeks a declaratory judgment that Le-Vel has suffered no, and will not suffer any, damages or loss of goodwill as a result of the sale of goods under the JUST THRIVE mark by DMS.

32.     DMS seeks a declaratory judgment that Le-Vel is not entitled to any injunctive relief or damages under the Lanham Act or the common law of the State of Texas.

## DEMAND FOR JURY TRIAL

33.     Pursuant to Federal Rule of Civil Procedure 38, DMS hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DMS prays for the following judgment and relief against Le-Vel:

A.     Declaring that DMS's conduct, including its marketing and sale of goods under the JUST THRIVE mark, does not constitute trademark infringement of Le-Vel's THRIVE-formative marks under the Lanham Act or under common law;

B.     Declaring that Le-Vel is not entitled to any injunctive relief with respect to DMS's sale of goods under the JUST THRIVE mark;

C.     Declaring that Le-Vel has not suffered any and will not suffer any harm or damages, and thus is not entitled to any relief under the Lanham Act or under common law;

D.     Declaring that DMS is entitled to sell goods under the JUST THRIVE mark;

E.     Declaring that Le-Vel and each of its officers, directors, agents, counsel, servants, employees, and all other persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that DMS infringes any of Le-Vel's THRIVE-formative marks or from instituting or initiating any action or proceeding alleging infringement of any of Le-Vel's THRIVE-formative marks against DMS or any customers, manufacturers, users, importers, or sellers of DMS's products;

F.     Awarding DMS its reasonable attorneys' fees, expenses, and costs incurred in connection with this action; and

G.    Awarding DMS any such further relief as this Court deems just and proper.

Dated:  September 17, 2020                     Respectfully submitted,

                                       By:    /s/ Darlene F. Ghavimi
                                              Darlene F. Ghavimi
                                              TX Bar No. 24072114
                                              K&L GATES LLP
                                              Darlene.Ghavimi@klgates.com
                                              2801 Via Fortuna, Suite 350
                                              Austin, Texas 78746
                                              512.482.6800

                                              Christopher J. Fahy
                                              Katherine L. Allor (admitted *pro hac vice*)
                                              K&L GATES LLP
                                              70 W. Madison St., Suite 3300
                                              Chicago, IL 60602
                                              Telephone: (312) 372-1121
                                              Fax: (312) 827-8000
                                              christopher.fahy@klgates.com
                                              katy.allor@klgates.com

                                              *Attorneys for Defendant DMS Natural Health LLC*

## <u>CERTIFICATE OF SERVICE</u>

I declare that on September 17, 2020 a copy of this document has been served by the Court's CM/ECF system on all counsel of record who have made an appearance in this case and consented to email service.

*/s/ Katherine L. Allor*
Katherine L. Allor