**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| Le-Vel Brands, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 4:20-cv-398-SDJ |
| v. | |
| DMS Natural Health, LLC, | |
| Defendants. | |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, Plaintiff Le-Vel Brands, LLC and Defendant DMS Natural Health, LLC believe that certain information that is or will be encompassed by the parties' discovery demands will involve the production or disclosure of proprietary business information, including intellectual property and financial data, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      As used in this Order, "Confidential" information and materials shall include all information and materials that have not been made public, the disclosure of which the disclosing party contends could cause harm to its business operations or provide improper advantage to others. "Confidential" information and materials shall include, but shall not be limited to, information that concerns or relates to (1) sales, marketing, manufacturing, research and development, or commercial information (including information implicating privacy rights of third parties); (2) manufacturing or other costs of doing business; (3) licenses or other

confidential agreements; (4) technical details of products or methods of doing business and/or marketing; and/or (5) information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

2.      As used in this Order, "Highly Confidential Outside Attorneys' Eyes Only" information and materials shall include trade secrets within the meaning of the Defend Trade Secrets Act; highly sensitive financial information; and all information and materials that the disclosing party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving party, or to the public, lead to a significant harm or injury to the reputation and/or business of the disclosing party or provide improper advantage to others.

3.      This Order shall be applicable to and govern (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all answers to interrogatories and responses to requests for admission; (c) all other discovery taken pursuant to the Federal Rules of Civil Procedure; (d) all pretrial, hearing, or deposition testimony; (e) documents marked as exhibits or for identification in depositions and hearings; (f) pretrial pleadings, exhibits to pleadings, and other court filings; (g) affidavits;  (h) stipulations; (i) testimony adduced at trial; (j) matters in evidence; and (k) other information that the disclosing party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.  Nothing in this Stipulated Protective Order requires the production of privileged or work-product information and materials, or any information and materials that are otherwise not subject to discovery.

4.      In accordance with Federal Rule of Evidence 502, except when a party intentionally waives attorney-client privilege or work-product protection by disclosing such information and indicating its intention to waive privilege to an adverse party, the disclosure of attorney-client or work-product protected information does not constitute a waiver in this or any other proceeding.  If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item(s) of information be returned or destroyed, and no party to this action shall thereafter assert that such disclosure waived any privilege.  It is further agreed that the receiving party will return or destroy such inadvertently produced item(s) of information and all copies thereof within three (3) business days of receiving a written request for the return or destruction of such item(s) of information.

5.      A party shall designate as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" only those materials that the producing party in good faith believes constitutes material used by it in, or pertaining to, its business which matter is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.  One who provides material may designate it as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" only when such person in good faith believes it contains sensitive personal information, trade secrets, or other confidential information as defined in Paragraphs 1-2. "Confidential" and "Highly-Confidential Outside Attorneys' Eyes Only" information shall be used by any receiving party solely for the purpose of conducting this litigation and not for any other purpose whatsoever.

6.      Information designated as "Confidential" may be disclosed only to the following persons:

3

        a.      Outside and in-house counsel working on this action on behalf of any party (including the law firms Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Siebman, Forrest, Burg, & Smith, LLP, and K&L Gates LLP), including paralegals, secretaries, assistants, and stenographic and clerical employees working under the supervision of such counsel;

        b.      independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the parties and/or Le-Vel/DMS Natural Health Competitors, as defined below (or their parents, subsidiaries, affiliates, or related companies), with disclosure only to the extent necessary to perform such work.  In no event may the parties or their counsel disclose any materials designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" to any Le-Vel/DMS Natural Health Competitor, i.e., manufacturers of supplements and/or related products/services, whether or not the Le-Vel/DMS Natural Health Competitor has executed Exhibit A to this Order;

        c.      the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this action;

        d.      the United States District Court for the Eastern District of Texas ("the Court");

        e.      during their depositions, witnesses and attorneys for witnesses, in this action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the annexed "ACKNOWLEDGEMENT" (Exhibit A), unless otherwise agreed by the producing party or ordered by the Court;

       c.      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

       7.      Information designated as "Highly-Confidential Outside Attorneys' Eyes Only" may be disclosed only to the following persons:

       a.      outside counsel of record working on this action on behalf of any party (the law firms Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Siebman, Forrest, Burg, & Smith, LLP, and K&L Gates LLP), including paralegals, secretaries, assistants, and stenographic and clerical employees working under the supervision of such counsel;

       b.      independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the parties and/or Le-Vel/DMS Natural Health Competitors, with disclosure only to the extent necessary to perform such work;

       c.      the Court;

       d.      during the depositions of individuals, witnesses and attorneys for witnesses, in this action to whom disclosures is reasonably necessary provided (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the annexed "ACKNOWLEDGEMENT" (Exhibit A), unless otherwise agreed by the producing party or ordered by the Court

       e.      during the depositions of organizations (as the term is used in Fed. R. Civ. P. 30(b)(6)), officers and employees of the producing party and attorneys for said officers and employees, in this action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the officer or employee sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the annexed

"ACKNOWLEDGEMENT" (Exhibit A), unless otherwise agreed by the producing party or ordered by the Court or unless the officer or employee was the author or recipient of such a document or who otherwise possessed or knew the information.  Should the deposing party seek to disclose "Highly-Confidential Outside Attorneys' Eyes Only" information or items to a fact witness who is not an officer or employee of the producing party, permission must be sought and received from the producing party prior to that disclosure; and

        f.      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

       8.      The persons described in paragraphs 6(b) and (c) shall have access to the "Confidential" information, and the persons described in paragraph 7(b) shall have access to the "Highly-Confidential Outside Attorneys' Eyes Only" information, once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGEMENT," which shall be maintained and kept by counsel.  The persons receiving "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information are enjoined from disclosing it to any other person, except in conformance with this Order.

       9.      Each individual who receives any "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information under this Order hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

       10.      The recipient of any "Confidential" or "Highly-Confidential Outside Attorneys' Eyes Only" information that is provided under this Order shall maintain such information confidential in accordance with the "ACKNOWLEDGEMENT" attached to this Order.

11.     Parties shall designate "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information and materials as follows:

a.     In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such document prior to production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY."  In the event that a disclosing party discovers a failure to mark qualified information as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only," the other party shall be notified immediately, and the following corrective action shall be taken:

(i)     The receiving party shall notify all persons who have received the information or document that they are designated "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" and must be treated as designated in this Order;

(ii)     The receiving party shall return or destroy the improperly marked information and/or documents; and

(iii)     The producing party will produce a correctly marked copy of the information and/or documents.

b.     Information disclosed at a deposition may be designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" under the following circumstances: (1) by indicating on the record during the deposition that the testimony is "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" and subject to the provisions of this Order, in which case the court reporter will be directed to produce a separate, confidential transcript or to indicate on the caption page of the transcript that some or all of its contents are governed by

this Order and by marking such pages containing "Confidential" or "Highly Confidential Outside

Attorneys' Eyes Only" material as "Confidential" or "Highly Confidential Outside Attorneys'

Eyes Only"; or (2) within thirty (30) days following receipt of the transcript by counsel for the

producing party, by notifying all parties in writing of the specific pages of the transcript that are

to be treated "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" thereafter.

During the thirty (30) days following receipt of the transcript by counsel for the producing party,

deposition transcripts shall be deemed temporarily designated as "Highly Confidential Outside

Attorneys' Eyes Only," during which time counsel will review the transcript and make

designations per this subsection.  If no such designations are submitted within the thirty (30) day

period, the temporary designation will be removed.

      c.    Transcripts of discovery depositions designated under this Order will not

be filed with the Court unless it is necessary to do so for purposes of motions, trial, motions for

summary judgment, or other matters.  If a discovery deposition transcript is filed and if it

contains "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information, the

transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

      12.    A party shall not be obligated to challenge the propriety of a "Confidential" or

"Highly Confidential Outside Attorneys' Eyes Only" designation at the time made, and failure to

do so shall not preclude a subsequent challenge thereto.  In the event that any party to this

litigation disagrees at any stage of these proceedings with such designation, such party shall

provide to the producing party ten-days prior written notice of this disagreement with the

designation.  The parties shall first try to resolve such dispute in good faith on an informal basis.

If the dispute cannot be resolved, the party challenging the designation may request appropriate

relief from the Court following the specified ten-day period.  The burden of proving that

information has been properly designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" is on the party asserting such designation.

13.     The Court will maintain under seal those pleadings and exhibits that are filed under seal.  Only those discovery materials (or any such portion thereof) that may be necessary to any motion shall be filed with the Court.  Parties who seek to use any materials or papers, or any portion thereof that disclose information designated as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" under this Order shall follow the Court's instructions for filing documents under seal, which are set forth in Local Rule CV-5(a)(7). Whenever materials subject to this Order are proposed to be filed in the Court record under seal, the party making such filing must separately and immediately before the document(s) sought to be sealed submit a motion pursuant to Local Rule CV-5(a)(7)(B).  Even if the filing party believes that the materials subject to this Order are not properly classified as "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only", the filing party shall file such motion; provided, however, that the filing of the motion shall be wholly without prejudice to the filing party's rights under Paragraph 12 of this Order.

14.     In the event that any "Confidential" or "Highly-Confidential Outside Attorneys' Eyes Only" information is used during this litigation, it shall not lose its "Confidential" or "Highly-Confidential Outside Attorneys' Eyes Only" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

15.     This Order shall survive the final termination of this or related proceedings to the extent that the "Confidential" or "Highly-Confidential Outside Attorneys' Eyes Only" Information and Materials have not or do not become known to the public.

16.     Nothing in this Order shall preclude any party to the civil action, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this proceeding and designated as "Confidential" or "Highly-Confidential Outside Attorneys' Eyes Only."

17.     Nothing in this Order shall preclude any party to the proceeding or their attorneys: (a) from showing a document designated as "Confidential" or "Highly-Confidential Outside Attorneys' Eyes Only" to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as "Confidential" or "Highly-Confidential Outside Attorneys' Eyes Only."  Nothing in this Order will bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of the proceeding, referring to or relying upon his or her examination of "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information and materials; provided, that in rendering such advice and in otherwise communicating with clients, the attorney will not make specific disclosure to any person of any "Confidential" or "Highly Confidential Outside Attorneys' Eyes Only" information and materials unless otherwise permitted by this Order.

18.     Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a party as if that waiver or consent was made by that party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

19.     A person or an entity that is not a party to this litigation may take advantage of the protection of "Confidential" or "Highly-Confidential Outside Attorneys' Eyes Only" information and materials provided by this Order, and such person or entity shall be entitled to all rights and protections afforded the disclosing party under this Order.

20.     Within sixty (60) days of the termination of litigation between the parties, all "Confidential" and "Highly-Confidential Outside Attorneys' Eyes Only" information and all copies thereof shall be returned to the party that produced it or be destroyed, except that counsel may maintain one copy of all correspondence and pleadings in accordance with the terms of this Order.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

21.     This Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown, from any of the provisions contained in it.  A violation of this Stipulated Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| Le-Vel Brands, LLC, | CIVIL ACTION NO. 4:20-cv-398-SDJ |
| Plaintiff, | |
| v. | **DEMAND FOR JURY TRIAL** |
| DMS Natural Health, LLC, | |
| Defendants. | |

**ACKNOWLEDGEMENT CONCERNING MATERIAL
<u>COVERED BY PROTECTIVE ORDER</u>**

The undersigned hereby acknowledges that on _____, 20__, I read the Protective Order entered in this action by the United States District Court for the Eastern District of Texas, that I understand the terms thereof, and that I agree to be bound by such terms.


Date:_____

_____
Signature


_____
Printed Name


_____
Title