UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LE-VEL BRANDS, LLC | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-398-SDJ |
| | § | |
| DMS NATURAL HEALTH, LLC | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Le-Vel Brands, LLC's ("Le-Vel") Motion to Dismiss Defendant's Counterclaim, (Dkt. #25), and Motion to Strike Defendant's Second Affirmative Defense, (Dkt. #26). Defendant DMS Natural Health, LLC ("DMS") has responded, opposing both of Plaintiff's motions. (Dkt. #29, #30). Having considered the motions, the subsequent briefing, and the relevant law, the Court concludes that the motions should be **GRANTED**.

**I. LE-VEL'S MOTION TO DISMISS DMS'S COUNTERCLAIM**

**A. Background**

Le-Vel brings this trademark-infringement, unfair-competition, and cybersquatting action against DMS, alleging that DMS "unlawfully offers and sells supplements under the infringing name and mark JUST THRIVE." (Dkt. #1 ¶ 1). Le-Vel produces and sells dietary and nutritional supplements under the mark THRIVE and various other THRIVE-formative marks. According to Le-Vel's complaint, those THIRVE-formative marks include "THRIVE PLUS, THRIVE PREMIUM, THRIVE EXPERIENCE, RELEASE THE THRIVE, THRIVE PRO, THRIVE K, THRIVEFIT, and THRIVE BITES, among others." (Dkt. #1 ¶ 8). Le-Vel's

1

complaint adopts the term "THRIVE Marks" to reference these marks. (Dkt. #1 ¶ 8). Le-Vel also alleges that it owns numerous U.S. trademark registrations for its THRIVE marks and provides an example of five such registrations in its complaint.[1] *See* (Dkt. #1 ¶ 13).

Defendant DMS also produces and sells dietary supplements and does so under the mark JUST THRIVE. DMS obtained a trademark registration from the United States Patent and Trademark Office ("USPTO") for DMS's JUST THRIVE mark in 2014. Le-Vel alleges that DMS's continued use of DMS's JUST THRIVE mark constitutes infringement of Le-Vel's registered THRIVE marks.

Five days before Le-Vel filed this lawsuit, DMS filed suit in the Northern District of Illinois seeking a declaratory judgment that DMS's use of the mark JUST THRIVE does not infringe any of Le-Vel's trademarks. However, that court dismissed DMS's declaratory-judgment action after Le-Vel filed this infringement suit, concluding that "[t]he issue in the two cases is identical: whether DMS infringed on Le-Vel's trademark." (Dkt. #25-4 at 3). DMS responded to the dismissal by filing its declaratory-judgment action as a counterclaim in this case. Le-Vel now moves to dismiss DMS's declaratory-judgment counterclaim.

**B. Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a pleading may be dismissed for "failure to state a claim upon which relief can be granted." For

---

[1] The five marks Le-Vel offers as examples of its registered THRIVE marks are THRIVE, THRIVE EXPERIENCE, THRIVE BY LE-VEL, RELEASE THE THRIVE, and THRIVE PLUS BALANCE. (Dkt. #1 ¶ 13).

2

a claimant to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plausibility standard is met when "'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Courts use the same standard regardless of whether the Rule 12(b)(6) motion to dismiss is directed at a claim in a complaint or a counterclaim. *SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-CV-01165-RWS-JDL, 2017 WL 5150682, at *4 (E.D. Tex. Mar. 21, 2017) (citations omitted), *report and recommendation adopted*, 2017 WL 1950810 (E.D. Tex. May 11, 2017). In ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)).

## C. Discussion

Le-Vel argues that DMS's declaratory-judgment counterclaim should be dismissed because the only issues alleged in the counterclaim are issues already

raised by Le-Vel's claims. Courts may dismiss as redundant declaratory-judgment claims that seek nothing more than to litigate substantive claims already at issue in a lawsuit. *Higher Perpetual Energy, LLC v. Higher Power Energy, LLC*, No. 4:17-CV-00414, 2018 WL 3031780, at *7 (E.D. Tex. June 18, 2018) (collecting cases). Indeed, "[c]ourts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the plaintiff's affirmative claims." *Rail Scale, Inc. v. Balanced Railscale Certification, LLC*, No. 2:15-CV-02117-RSP, 2017 WL 319077, at *2 (E.D. Tex. Jan. 23, 2017) (citing *Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC*, No. 4:13-CV-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014) (collecting cases)); *see also Sony BMG Music Ent. v. Crain*, No. 1:06-CV-567-TH, 2007 WL 9725180, at *1–2 (E.D. Tex. Sept. 20, 2007) (dismissing as redundant a counterclaim seeking a declaratory judgment of non-infringement in a copyright-infringement lawsuit). A declaratory-judgment counterclaim should be dismissed as redundant only when resolution of the plaintiff's substantive claim along with the defendant's affirmative defenses would necessarily resolve all issues raised by the declaratory-judgment counterclaim. *Centex Homes v. Lexington Ins. Co.*, No. 3:13-cv-719-BN, 2014 WL 1225501, at *14 (N.D. Tex. Mar. 25, 2014) (citation omitted).

Here, DMS's declaratory-judgment counterclaim as pleaded raises identical issues to those raised by Le-Vel's infringement claims. DMS's counterclaim seeks four judicial declarations: (1) that DMS's JUST THRIVE mark is not likely to cause confusion as to source, licensing, approval, or affiliation with Le-Vel's goods using Le-

4

Vel's THRIVE-formative marks, (Dkt. #16 at 19 ¶¶ 28–29); (2) that DMS's sale of goods under its JUST THRIVE mark does not constitute infringement of Le-Vel's THRIVE-formative marks, (Dkt. #16 at 19 ¶ 30); (3) that Le-Vel has suffered no damages from DMS's sale of goods under its JUST THRIVE mark, (Dkt. #16 at 19 ¶ 31); and (4) that Le-Vel is not entitled to any injunctive relief, (Dkt. #16 at 20 ¶ 32). Le-Vel's complaint raises the same issues. *See* (Dkt. #1 ¶ 51) (alleging that DMS's use of the JUST THRIVE mark is likely to cause confusion as to sponsorship or approval by Le-Vel or as to origin with Le-Vel's THRIVE-formative marks); (Dkt. #1 ¶ 43) (alleging that DMS's sale of goods under the JUST THRIVE mark constitutes infringement of Le-Vel's registered THRIVE marks); (Dkt. #1 ¶¶ 48, 55) (alleging that Le-Vel has suffered damages from DMS's alleged infringement); (Dkt. #1 ¶¶ 46–47) (asserting that Le-Vel is entitled to injunctive relief). Accordingly, resolution of Le-Vel's claims will necessarily resolve DMS's declaratory-judgment claims, rendering DMS's counterclaim redundant.

DMS's argument to the contrary is unavailing. DMS contends that because paragraph thirteen of Le-Vel's complaint lists only five of Le-Vel's registered THRIVE marks, Le-Vel alleges only that DMS infringed those five marks. By contrast, DMS argues, DMS's counterclaim seeks a declaration that DMS's use of the JUST THRIVE mark does not infringe *any* of Le-Vel's registered THRIVE-formative marks. However, DMS's characterization of Le-Vel's infringement claim is inaccurate. While paragraph thirteen of Le-Vel's complaint does list only five registered trademarks, the list is explicitly not exhaustive. *See* (Dkt. #1 ¶ 13) (indicating that the list

5

constitutes *some* of Le-Vel's THRIVE-mark registrations). Elsewhere in its complaint, Le-Vel includes a more extensive list of its THRIVE marks. *See* (Dkt. #1 ¶ 8). And nowhere in Le-Vel's complaint does Le-Vel allege that DMS infringed only five of Le-Vel's trademarks. To the contrary, in Le-Vel's claims for relief, Le-Vel asserts that DMS infringed all of Le-Vel's registered THRIVE marks. (Dkt. #1 ¶ 43). DMS's counterclaim merely alleges the opposite and requests a declaratory judgment to that effect. The resolution of Le-Vel's claim that DMS has infringed Le-Vel's registered THRIVE marks will necessarily also resolve DMS's claim that DMS did not infringe any of Le-Vel's THRIVE-formative marks. Accordingly, the allegations in DMS's declaratory-judgment counterclaim are simply a mirror image of Le-Vel's infringement claims, and therefore the counterclaim will be dismissed.

## II. Le-Vel's Motion to Strike DMS's Judicial-Estoppel Affirmative Defense

**A. Background**

In addition to its counterclaim, DMS's answer asserts two affirmative defenses—laches and judicial estoppel. DMS's asserted judicial-estoppel defense arises out of Le-Vel's efforts in 2016 to register its THRIVE (and design) mark with the USPTO. The Examining Attorney at the USPTO initially refused the registration of the mark "because of a likelihood of confusion with the marks in U.S. Registration Nos. 3408016 (THRIVE TONIC) and 4013804 (THRIVE NUTRITION)." (Dkt. #17-3 at 2).

In response to this refusal, Le-Vel argued that the THRIVE (and design) mark could coexist with the THRIVE TONIC and THRIVE NUTRITION marks because

"numerous THRIVE-formative marks covering identical or closely related products . . . coexist on the [Principal Trademark] Register" for goods related to dietary and nutritional supplements. (Dkt. #17-4 at 8). In this response, Le-Vel specifically referenced DMS's JUST THRIVE mark as being among those that "peacefully coexist" and further stated that "[c]onsumers have presumably learned to distinguish these marks from one another based on the uses of different words and the specific underlying nature of the goods within this crowd." (Dkt. #17-4 at 9–10). The USPTO Examining Attorney again refused registration of Le-Vel's mark. (Dkt. #17-5 at 2). Regarding Le-Vel's argument that the THRIVE (and design) mark could coexist with the THRIVE NUTRITION and THRIVE TONIC marks because "numerous THRIVE-formative marks covering identical or closely related products . . . coexist on the Register," the USPTO flatly stated that "[Le-Vel's] argument is unpersuasive." (Dkt. #17-5 at 2).

Le-Vel attempted to overcome the USPTO's refusal for a second time and again argued that the THRIVE (and design) mark could coexist with other THRIVE-formative marks, including DMS's JUST THRIVE mark, without confusing consumers. (Dkt. #17-6 at 66–69). However, the USPTO again rejected that argument. (Dkt. #17-7 at 2). Because Le-Vel could not convince the USPTO that its THRIVE (and design) mark could coexist with the THRIVE NUTRITION and THRIVE TONIC marks, Le-Vel successfully petitioned to cancel the registrations for those marks. (Dkt. #17-8). Based on these cancellations, Le-Vel requested

7

reconsideration, and the USPTO withdrew its refusal of Le-Vel's application to register the THRIVE (and design) mark.

Following the registration of its THRIVE (and design) mark, Le-Vel filed a petition to cancel DMS's JUST THRIVE registration before the Trademark Trial and Appeal Board ("TTAB"), arguing that there is a likelihood of confusion with Le-Vel's marks.[2] (Dkt. #17-10 at 1). DMS asserted an affirmative defense of judicial estoppel in the cancellation proceeding, asserting that because Le-Vel argued during the prosecution of the THRIVE (and design) application that the JUST THRIVE mark and Le-Vel's marks could peacefully coexist, Le-Vel should be estopped from now arguing that there is a likelihood of confusion between the marks. (Dkt. #9-3 at 5). Le-Vel moved to strike this defense, arguing that prosecution-history estoppel does not apply in trademark cases. (Dkt. #9-3 at 5). The TTAB granted Le-Vel's motion and struck DMS's judicial-estoppel defense, concluding that "a party is not bound by a position taken during prosecution of the party's application." (Dkt. #9-3 at 8).

DMS now asserts the same affirmative defense on the same ground in this action, and Le-Vel again moves to strike the affirmative defense.

### B. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Rule 12(f) standard is high, and motions to

---

[2] The cancellation proceeding is currently suspended pending resolution of this action. *Le-Vel Brands, LLC v. DMS Nat. Health LLC*, Cancellation No. 92072043 (T.T.A.B. Mar. 18, 2021), Dkt. #17.

8

strike are disfavored. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). However, striking a defense "is proper when the defense is insufficient as a matter of law." *Id.* In other words, "[s]triking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). Thus, it is improper for a court to grant a motion to strike if the "affirmative defense raises either a question of fact or a question of law." *Mosser v. Aetna Life Ins. Co.*, No. 4:15-cv-00430-ALM-KPJ, 2018 WL 3301808, at *2 (E.D. Tex. Mar. 9, 2018), *report and recommendation adopted*, 2018 WL 1517032 (E.D. Tex. Mar. 28, 2018).

Judicial estoppel is a doctrine that "is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Fornesa v. Fifth Third Mortg. Co.*, 897 F.3d 624, 627 (5th Cir. 2018) (quoting *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012)). The Fifth Circuit has adopted a two-part inquiry to evaluate whether a party may invoke the doctrine of judicial estoppel: (1) the present position of the party to be estopped must be "clearly inconsistent" with the previous position; and (2) the previous court must have accepted that previous position. *Hall v. GE Plastic Pac. PTE, Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003).

**C. Discussion**

Although DMS labels its affirmative defense as one of judicial estoppel, DMS does not dispute that its defense is accurately characterized as one of prosecution-history estoppel. Prosecution-history estoppel is a concept derived from patent law

9

and prevents a patent owner from claiming that the patent covers broad subject matter when, in order to secure the patent, the patent owner narrowed the patent's scope at the prosecution stage. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736–37, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002). DMS argues that Le-Vel narrowed the scope of its THRIVE marks when Le-Vel argued to the USPTO that its marks could coexist with other THRIVE-related marks, including DMS's JUST THRIVE mark.

The Fifth Circuit has not addressed whether prosecution-history estoppel applies in trademark cases, but courts around the country have long held that it does not. *See, e.g.*, *PenGems, LLC v. Morgan*, No. 1:17-CV-1018, 2018 WL 3732730, at *3 (W.D. Tex. Aug. 3, 2018) ("[C]ourts have repeatedly refused to apply the doctrine of prosecution history estoppel to trademarks . . . ."), *report and recommendation adopted*, 2018 WL 4701811 (W.D. Tex. Aug. 23, 2018); *Davis v. Lost Int'l LLC*, No. CV 12-8002 GAF (MANx), 2013 WL 12137103, at *5 (C.D. Cal. Apr. 8, 2013) (concluding that prosecution-history estoppel is a rule of patent jurisprudence and does not apply in trademark disputes); *Metal Jeans, Inc. v. Affliction Holdings, LLC*, No. CV 15–0743 PA (Ex), 2015 WL 3833858, at *3 (C.D. Cal. June 19, 2015) (holding that arguments made to the USPTO during trademark prosecution did not estop a trademark owner from later making inconsistent arguments); *Polo Fashions, Inc. v. Extra Special Prods., Inc.*, 451 F.Supp. 555, 561 (S.D.N.Y. 1978) (holding that trademark owners are not bound by statements made to the USPTO in ex parte trademark prosecutions). The TTAB has come to the same conclusion—including

with regard to this exact trademark dispute and the exact statements at issue here.[3] *See Le-Vel Brands, LLC v. DMS Nat. Health LLC*, Cancellation No. 92072043, (T.T.A.B. Mar. 25, 2020), Dkt. #10 at 8 (striking DMS's judicial-estoppel defense in Le-Vel's cancellation proceeding because "[a] party is not bound by a position taken during prosecution of the party's application"). The Court agrees with the weight of authority that prosecution-history estoppel does not apply in trademark cases.

Contrary to DMS's assertions, the cases cited by DMS did not apply the doctrine of prosecution-history estoppel to trademark cases. In *Freedom Card, Inc. v. JP Morgan Chase & Co.*, 432 F.3d 463, 476 (3d Cir. 2005), the Third Circuit held only that the trademark owner's prior inconsistent statements to the USPTO were relevant evidence against the owner's new position but expressly declined to decide whether the statements implicated judicial estoppel. This was also the case in *Juice Generation, Inc. v. GS Enterprises, LLC*, 794 F.3d 1334, 1340 (Fed. Cir. 2015), where the Federal Circuit held that, although prosecution-history estoppel does not apply in trademark disputes as in patent disputes, prior statements to the USPTO should still be considered as relevant evidence.

Additionally, in *Brown v. Bridges*, No. 3:12-cv-4947-P, 2016 WL 3660666, at *9 (N.D. Tex. Jan. 26, 2016), the court did not address the issue of whether prosecution-history estoppel applies in trademark cases and simply declined to apply the doctrine on other grounds. And prosecution-history estoppel was not at issue at all in *SSG Baseball, LLC v. Select Sports Group, LLC*, No. 3:15–CV–0966–D, 2015 WL 4868273

---

[3] The Fifth Circuit cites decisions of the TTAB as persuasive authority. *Gruma Corp. v. Mexican Rests., Inc.*, 497 F.App'x 392, 396 n.1 (5th Cir. 2012).

(N.D. Tex. Aug. 13, 2015). In *SSG Baseball*, the defendant argued that the plaintiff was judicially estopped from making a jurisdictional argument that was purportedly inconsistent with the plaintiff's request for a stay of its opposition to the defendant's trademark application before the TTAB. 2015 WL 4868273, at *6–7. *SSG Baseball* had nothing to do with whether a trademark owner is bound by its representations made in obtaining a trademark registration from the USPTO.

Because the weight of authority indicates that prosecution-history estoppel does not apply in trademark disputes and DMS has offered no authority to the contrary, DMS's judicial-estoppel affirmative defense is legally insufficient and should be stricken under Rule 12(f).

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiff Le-Vel Brands, LLC's Motion to Dismiss Defendant's Counterclaim, (Dkt. #25), is **GRANTED**. Defendant DMS Natural Health, LLC's counterclaim for a declaratory judgment of no trademark infringement is hereby **DISMISSED**.

It is further **ORDERED** that Plaintiff Le-Vel Brands, LLC's Motion to Strike Defendant's Second Affirmative Defense, (Dkt. #26), is **GRANTED**. Defendant DMS Natural Health, LLC's second affirmative defense of judicial estoppel is hereby **STRICKEN** from Defendant's answer.

**So ORDERED and SIGNED this 20th day of July, 2021.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE