UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LE-VEL BRANDS, LLC | § § | |
| v. | § § § | CIVIL NO. 4:20-CV-398-SDJ |
| DMS NATURAL HEALTH, LLC | § | |

## **ORDER**

Before the Court is the parties' Stipulation of Partial Dismissal with Prejudice of Plaintiff's Compensatory Damages Claims and Common Law Infringement Claim, (Dkt. #102). This filing is an improper attempt by Plaintiff Le-Vel Brands, LLC ("Le-Vel") and Defendant DMS Natural Health, LLC ("DMS") to stipulate to the dismissal of certain of Le-Vel's claims under Federal Rule of Civil Procedure 41(a). As such, the stipulation must be stricken.

Federal Rule of Civil Procedure 41(a) allows a plaintiff to "dismiss an action without a court order" either by filing (i) a notice of dismissal prior to the defendant serving an answer or a motion for summary judgment or (ii) a stipulation of dismissal signed by all parties who have appeared in the case. FED. R. CIV. P. 41(a)(1)(A). Le-Vel and DMS state that their stipulation falls in the second category, pursuant to Rule 41(a)(1)(A)(ii).

But controlling Fifth Circuit precedent clearly provides that Rule 41(a)(1)(A) may not be used to dismiss *some* claims against a defendant—the rule allows only for dismissal of *all* claims against a defendant. *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979) (distinguishing between allowable dismissals of individual

1

defendants and improper dismissals of individual claims under Rule 41(a) and stating that "'when Rule 41(a) refers to [d]ismissal of an "action", there is no reason to suppose that the term is intended to [i]nclude the separate claims which make up an action'" (quoting *Smith, Kline & French Lab'ys v. A. H. Robins Co.*, 61 F.R.D. 24, 29 (E.D. Pa. 1973))); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims." (citation omitted)); *see also Swope v. Columbian Chemicals Co.*, 281 F.3d 185, 192 n.15 (5th Cir. 2002) ("Rule 41(a) contemplates dismissal of an 'action' rather than a 'claim' or 'claims.'); *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) ("[The Rule 41(a)(1)(A)] Stipulation, which purported to dismiss 'Count III of the Fourth Amended Complaint . . . without prejudice,' was invalid."). The parties' stipulation of dismissal of certain—but not all—claims against DMS is thus invalid, and "an invalid Rule 41(a) dismissal is a nullity." *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020).

To effectuate its desire to no longer assert certain claims against DMS, Le-Vel must move to amend its complaint pursuant to Federal Rule of Civil Procedure 15. *See Williams*, 958 F.3d at 347 ("A dismissed claim remains a part of the case, absent amendment of the complaint under Rule 15."); *see also Perry*, 891 F.3d at 958 (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (3d ed. 2008) for the proposition that "Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action . . . .. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15").

It is therefore **ORDERED** that the parties' Stipulation of Partial Dismissal with Prejudice of Plaintiff's Compensatory Damages Claims and Common Law Infringement Claim, (Dkt. #102), is **STRICKEN**.

**So ORDERED and SIGNED this 22nd day of December, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE