# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| LE-VEL BRANDS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DMS NATURAL HEALTH, LLC. <br><br> Defendant. | CIVIL ACTION NO. 4:20-cv-398-SDJ |

## PLAINTIFF LE-VEL BRANDS, LLC'S
## REPLY IN SUPPORT OF ITS MOTION TO STRIKE JURY DEMAND

**I.     INTRODUCTION**

DMS does not oppose Le-Vel's co-pending motion to amend its complaint withdrawing its compensatory damages and common law claims. Dkt. 113 at 1. DMS also does not oppose having a bench trial in this case. Dkt. 110-3. In fact, just *three weeks ago*, DMS was agreeable to a bench trial so long as Le-Vel surrendered its monetary claims for disgorgement and attorney's fees, which Le-Vel had reserved. *See* Dkt. 113 at 7; Dkt. 110-3. But now, DMS "opposes" Le-Vel's motion to amend its complaint and its motion to strike the jury under the pretense of "prejudice."

As detailed below, DMS has no basis supporting its position that Le-Vel's motion to strike should be denied. To the contrary, well-established precedent directs granting Le-Vel's motion to strike regardless of how this Court rules on Le-Vel's co-pending motion to amend. If the motion to amend is granted, there is no longer a right to a jury trial under the Federal Rules or the Constitution—which DMS concedes. Dkt. 113 at 4. And even if the motion to amend is denied, the *issues*, not the pleadings, control under Fifth Circuit law. As the remaining issues are solely equitable, the Court should hold a bench trial.

**II.    ARGUMENT**

    **A.     This Case Cannot and Should Not Be Tried by a Jury**

Knowing that "no right to a jury trial would remain" if Le-Vel's complaint is amended, DMS urges the Court to deny Le-Vel's motion to amend—an outcome neither party wants (*see* Dkt. 101 at 1; Dkt. 113 at 1)—for the sole purpose of denying this motion. Dkt. 113 at 1 n.1. But as detailed in Le-Vel's opening and reply briefs in support of its motion to amend (Dkts. 110, 114), Le-Vel's complaint should be amended to conform with the issues that Le-Vel will present at trial.

Under Rule 39(a), when a party demands a jury trial, a case will be tried before a jury "unless . . . the court, on motion or on its own, finds that on some or all of those issues there is *no federal right to a jury trial*." Fed. R. Civ. P. 39(a) (emphasis added). This is such a case. DMS

1

does not oppose Le-Vel's withdrawal of compensatory damages and common law claims, which leaves only equitable claims.  Dkt. 113 at 1.  DMS concedes there is *no* right to a jury trial on any of the remaining equitable claims.  *Id*. at 4.  With no such right, there can be no jury.

DMS cites no authority for the proposition that, if this Court grants Le-Vel's motion to amend, it may still order a jury trial where *no right to one exists*.  Unlike this case (which involves only equitable claims with no right to a jury trial), DMS's cited cases all involved issues for which a right to a jury trial remained *at all times*.  See *Adams v. Falcon Drilling Co.*, No. CIV.A. 97-1143, 1998 WL 195981, at *1 (E.D. La. Apr. 20, 1998) (bringing negligence claims under the Jones Act, which confers a statutory right to a jury trial); *United States v. Unum, Inc.*, 658 F.2d 300, 302 (5th Cir. 1981) (claiming breach of contract, a legal claim conferring a right to jury trial under the Seventh Amendment); *Team Contractors, LLC v. Waypoint Nola, LLC*, No. 16-1131, 2019 WL 1545177, at *1 (E.D. La. Apr. 9, 2019) (claiming breach of contract and negligence, legal claims conferring a right to a jury trial under the Seventh Amendment).  None of the plaintiffs in those cases moved to amend their complaints to remove their *legal* claims.  See *Adams*, 1998 WL 195981, at *1 (requesting to strike the jury demand while retaining all negligence claims); *Unum*, 658 F.2d at 303 (requesting a jury and retaining the breach of contract claim); *Team Contractors*, 2019 WL 1545177, at *2 (moving to amend the court's order entering judgment after a jury trial, but never seeking to amend a pleading to remove legal claims).

The law is clear that the Seventh Amendment to the U.S. Constitution does not confer a right to a jury trial on purely equitable claims and remedies.  *See* Dkt. 101 at 6-9.  Once amended, this action will involve only equitable claims, none of which confer the right to a jury trial.  *Id*.  The Court should thus strike the jury demand and proceed with a bench trial.

Even if the Court were to deny Le-Vel's motion to amend, "[t]he right to trial by jury is determined by the issues, not by the pleadings." *Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1158 (5th Cir. 1982). The plaintiff in *Armco* never amended its complaint, which sought damages as well as equitable relief, and the Fifth Circuit held that "it was within the trial judge's discretion to grant Armco's motion [to strike the jury under Rule 39(a)(2)] that effectively dismissed the legal claims." *Id*. A similar result is warranted here. The issues Le-Vel intends to present at trial are purely equitable, and the Court (not a jury) should decide the case.

**B.      DMS Is Not Prejudiced by Le-Vel's Motion and, Even If It Were, Prejudice Does Not Confer a Right to a Jury Trial**

DMS claims it would be "extremely prejudiced" by a bench trial because it (1) needs to "prepare entirely new pre-trial briefs and submissions," (2) forewent a demand to depose Le-Vel founders Jason Camper and Paul Gravette, and (3) spent money on a damages expert report and deposition. Dkt. 113 at 1, 7. None of these arguments have merit. Just *three weeks ago*, DMS was "willing to stipulate to a bench trial" if Le-Vel agreed to dismiss its reserved claims for disgorgement and attorney's fees (in addition to dismissing its proffered compensatory damages and Texas common law claims). *See* Dkt. 110-3. DMS's proposal sought to remove *all* Le-Vel's damages theories, rendering the damages experts moot.[1] DMS cannot now claim the money spent on these experts is prejudicial when it was prepared to entirely remove damages from the case.

As for the foregone depositions of Jason Camper and Paul Gravette, DMS misleads the Court. According to DMS, it agreed to forgo these depositions "in lieu of a stipulation from Le-Vel that it would not call Camper or Gravette to testify at a *jury* trial." Dkt. 113 at 7 (emphasis added). The stipulation is not so limited. In fact, the parties stipulated that neither witness would be "called

---

[1] In contrast, and as DMS concedes, Le-Vel's proposed amendments still allow these experts to testify at trial (just not on the specific remedies Le-Vel seeks to withdraw from its Complaint). Dkt. 113 at 2.

3

to testify at trial." Dkt. 44. The stipulation applies to trial (be that jury or bench) and cannot form the basis of any alleged prejudice to DMS.

As for DMS's vague allegations that it needs to prepare "entirely new" pre-trial briefs and submissions, DMS did not and cannot identify a single submission that needs to be redone if this Court grants Le-Vel's motion to strike. Dkt. 113 at 7. DMS has not argued it would have entered different certified records (Dkt. 99) or designated any video depositions were this case to proceed before the bench instead of a jury. Moreover, Le-Vel notified DMS that it sought to strike the jury nearly a week *before* the joint pre-trial order and motions in limine were due. *See* Dkt. 110-1. DMS never sought to stay or extend these deadlines pending resolution of the motion to strike. Further still, the parties have yet to submit their voir dire questions or jury instructions, which are stayed pending resolution of this motion (Dkt. 112), as they may be unnecessary. As such, DMS's request that Le-Vel "compensate DMS for the costs and fees it has already spent on the issues to be withdrawn" lacks factual foundation and is without merit. Dkt. 113 at 6.

Even if DMS were "prejudiced" as it claims, prejudice does *not* confer a right to a jury trial. Rule 39 contains no time limitation as to when a jury may be stricken and, as detailed in Le-Vel's opening brief, courts routinely strike jury demands much closer to trial. Dkt. 101 at 9-10. *See also Armco*, 693 F.2d at 1158 (finding "no merit" in defendant's claim that "it was deprived of its right to trial by jury" where plaintiff moved to strike the jury "[o]n the eve of trial"); *JPA, Inc. v. USF Processors Trading Corp.*, No. 3:05-CV-0433P, 2006 WL 740401, at *12 (N.D. Tex. Mar. 15, 2006) (striking jury demand because the "court has the discretion to grant a motion to strike a jury demand at any time, even on the eve of trial.").

DMS cites to *Adams*, *Unum*, and *Team Contractors* for its position that the "prejudice" is sufficient to support the denial of Le-Vel's motion to strike. Dkt. 113 at 7-9. But DMS's cases

4

are inapposite.  First, the court in *Adams* expressly limited its analysis to the *statutory* right to a jury *conferred by the Jones Act*—an admiralty statute that plainly does not apply here.  *See Adams*, 1998 WL 195981, at *1 n.1.  *See also* Fed. R. Civ. P. 38(e).  Second, as DMS admits, "the *Unum* case is the *opposite fact pattern* as the instant case (i.e., asking for a jury instead of asking to strike a jury.)"  Dkt. 113 at 8 (emphasis added).  Contrary to DMS's claim that "the principle is the same," a tardy demand for a jury trial is *not* analyzed under the same rules as a request to strike a jury demand.  *Id*.  The *Unum* court analyzed the plaintiff's failure to make a proper jury demand under Rules 38(b) and 39(b), whereas the issue here is properly analyzed under Rule 39(a), which applies where a party already timely demanded a jury trial.  *See Unum*, 658 F.2d at 303.  Finally, *Team Contractors* is distinguishable because, in that case, the motion to strike the jury came *after* a full jury trial on the issues had already occurred.  *Team Contractors*, 2019 WL 1545177 at *1-2.

Despite the substantial economies and savings offered by a bench trial, DMS now pushes for a jury trial and "opposes" motions for which it does not disagree with the requested relief. Regardless of how the Court rules on the motion to amend, this case should proceed to a bench trial because, with only equitable issues involved, there is no right to a jury.  Having been prepared to agree to a bench trial itself a few weeks ago, DMS cannot now claim that it would be prejudiced by that result simply because Le-Vel did not agree to DMS's contingent demand that all forms of monetary relief be surrendered.  And with a *de facto* continuance already in place (*see* Dkt. 112), any alleged "prejudice" to DMS has been remedied.

### III.   CONCLUSION

For the reasons set forth above and in Le-Vel's Motion to Strike, Le-Vel respectfully requests that the Court grant its motion to strike its jury demand and proceed with a bench trial.

Dated:  January 11, 2022      By:    */s/ Mark Sommers*
Mark Sommers (*pro hac vice*)
mark.sommers@finnegan.com
Douglas A. Rettew (*pro hac vice*)
doug.rettew@finnegan.com
Patrick J. Rodgers (*pro hac vice*)
patrick.rodgers@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Morgan Smith (*pro hac vice*)
morgan.smith@finnegan.com
Daniel Mello (*pro hac vice*)
daniel.mello@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

*/s/ Emileigh S. Hubbard*
Vic Houston Henry
TBA No. 09484250
vhhenry@hoaf.com
Emileigh Stewart Hubbard
TBA No. 24076717
ehubbard@hoaf.com
**HENRY ODDO AUSTIN & FLETCHER**
**a Professional Corporation**
1700 Pacific, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile: (214) 658-1919

*Attorneys for Le-Vel Brands, LLC*

6

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the court's ECF system on January 11, 2022, on all counsel or parties of record on all counsel of record.

            By: */s/ Emileigh S. Hubbard*
               Emileigh S. Hubbard